Vetiaque v Kistler Serv. Corp.

2026 NY Slip Op 03021

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Ebert Vetiaque, appellant,

v

Kistler Service Corp., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2024-09164, (Index No. 35115/22)

Mark C. Dillon, J.P.

Linda Christopher

Barry E. Warhit

Carl J. Landicino, JJ.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.

Correia, Conway & Stiefeld, White Plains, NY (Sami P. Nasser of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Christie L. D'Alessio, J.), dated July 1, 2024. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.

ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.

The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated July 1, 2024, the Supreme Court granted the motion. The plaintiff appeals.

The defendants met their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., Inc., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to his left shoulder, left hip, and the cervical and lumbar regions of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208). Further, the defendants failed to establish, prima facie, that the alleged injuries to the plaintiff's left hip, left shoulder, and the cervical and lumbar regions of his spine were not caused by the accident, and the burden therefore did not shift to the plaintiff to raise a triable issue of fact as to causation or to explain any gap in treatment (see Medina v Cruz, 239 AD3d 630, 631; Valdez v Classic Hauling, [*2]LLC, 233 AD3d 959, 961; Baptiste v New York City Tr. Auth., 230 AD3d 629, 630).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.

The parties' remaining contentions need not be reached in light of our determination.

DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court